UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Miles Borne, by his next friend Steven Borne, Alexander Muirhead, by his next friend Russell Muirhead, and Lila Muirhead, by her next friend Russell Muirhead,<br><br>Plaintiffs,<br><br>vs.<br><br>David M. Scanlan, in his official capacity as New Hampshire Secretary of State, and John Formella, in his official capacity as New Hampshire Attorney General,<br><br>Defendants. | Civil Action No. 1:24-cv-00312-SE-TSM |

**OPEN DEMOCRACY PLAINTIFFS' RESPONSE TO
POTENTIAL CONSOLIDATION ORDER**

1. The Plaintiffs in Coalition for *Open Democracy v. Scanlan* (the "*Open Democracy* Plaintiffs" or "Plaintiffs") submit that consolidation of this case with *New Hampshire Youth Movement v. Scanlan*, 1:24-cv-00291 ("*Youth Movement*") is premature at this stage of the proceedings. Though consolidation of the two cases eventually may be appropriate for some aspects of discovery, as well as for summary judgment and trial, Plaintiffs request that the Court defer consideration of consolidation until after resolution of the pending motions to dismiss in both cases. As set forth more fully below, while there may be some efficiencies to consolidation, there are enough differences between the cases that those efficiencies may not be significant in the wake of the Court's decisions on the motions to dismiss. Moreover, the parties in this case have already

1

agreed to a proposed discovery and trial scheduling plan that was submitted last year to the Court. *See* ECF 33. The proposed plan contemplates a January 2026 trial date, and discovery has already begun in this case. In the event the Court considers consolidation at any point, the Open Democracy Plaintiffs expect to argue in favor of maintaining that proposed schedule and commencing trial in January 2026.

2. This is a case challenging a dramatic rewrite of New Hampshire's registration and voting laws. The law in question, HB 1569, eliminates the ability of New Hampshire voters to use affidavits relied upon by thousands every election cycle. The changes may lead to mass disenfranchisement of those who do not possess or cannot immediately access a birth certificate or passport to prove their citizenship and of those subject to newly-reinvigorated voter challenges. In voting rights cases such as this, time is always of the essence. Plaintiffs seek declaratory and injunctive relief to protect voters and stop enforcement of this law before the 2026 primary and general elections (likely to occur in September and November). Accordingly, the *Open Democracy* Plaintiffs and the Defendants have negotiated a schedule that will allow the parties adequate time to prepare their cases for trial while giving this Court enough time to issue judgment sufficiently in advance of the upcoming elections. This agreed-to schedule thereby minimizes any risk of voter confusion or negative impacts on election administration. *See Purcell v. Gonzales*, 549 U.S. 1 (2006) (per curiam).

3. As part of the parties' careful negotiations, Plaintiffs agreed to a 45-day enlargement of the Defendants' time to file their responsive pleading, and in exchange, the Defendants agreed to begin written discovery before the resolution of the motion to dismiss, a schedule for expert disclosures and depositions, and a trial in January 2026 (likely several months before the case would have been scheduled under a standard track).

4. Accordingly, discovery has commenced without delay. Plaintiffs have served interrogatories and requests for production of documents. In addition, Plaintiffs have retained experts and begun constructing their case based on the deadlines included in the parties' joint proposed discovery plan. These efforts have been undertaken to conform with the proposed scheduling plan and, frankly, are not compatible with the schedule proposed by the *Youth Movement* Plaintiff for trial in November 2025.[1]

5. Moreover, the usual benefits to judicial economy from consolidation are not present here, given differences between the two cases. While both cases challenge the same statute, Plaintiffs in this case have distinct and additional grounds for standing. The Defendants' motions to dismiss challenge standing in both cases. Given these important differences, it is plausible that the Court could grant the Defendant's motion to dismiss in one case but deny Defendants' motion in the other. If that were to happen, the *Open Democracy* Plaintiffs would be prejudiced by having their case consolidated—and potentially put on hold—while the *Youth Movement* plaintiff appealed a dismissal. This would derail the Parties' joint efforts to manage the case on a timeline that accounts for the realities of the election schedule and the concerns articulated in *Purcell*.

6. Plaintiffs in this case also have challenged an additional portion of the statute not addressed in *New Hampshire Youth Movement*. In particular, Plaintiffs have challenged the statute's removal of the Challenged Voter Affidavit, which was available to voters whose eligibility to vote has been challenged for reasons the moderator deems well-grounded. Evidence and arguments pertaining to this issue may not be relevant or admissible in *New Hampshire Youth Movement*.

---

[1] Undersigned counsel is also scheduled to be in trial for the two-week period beginning November 18, 2025 in *Tirrell v. Edelblut*, 1:24-cv-00251-LM-TSM, a Fourteenth Amendment and Title IX challenge to a New Hampshire statute barring trans girls from playing girls' sports at school.

7. The cases may also have different parties. The Republican National Committee and New Hampshire Republican State Committee moved to intervene last year in *New Hampshire Youth Movement* before defendants moved to dismiss that case and before the start of any discovery. That motion is fully briefed. But those proposed parties moved to intervene in *Open Democracy* only yesterday. Their belated intervention motion in this case comes as discovery is well underway and briefing on defendants' motion to dismiss is ongoing. If those intervention motions are resolved differently in the cases, there could be evidence presented by the proposed Republican intervenors that is admissible in one case but not the other. Moreover, the resolution of those intervention motions and any resulting appeals may lead to further delays. And if the Court were to permit those parties' interventions, their participation in ongoing discovery could lead to additional delays that prejudice Plaintiffs.

8. For these reasons, the *Open Democracy* Plaintiffs request that the Court defer consideration of consolidation of this case with *Youth Movement* until after resolution of the pending motions to dismiss.

Date: February 3, 2025

Respectfully submitted,

COALITION FOR OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE, THE FORWARD FOUNDATION, MCKENZIE NYKAMP TAYLOR, DECEMBER RUST, STEVEN BORNE (as father and next friend of MILES BORNE), and RUSSELL MUIRHEAD (as father and next friend of ALEXANDER MUIRHEAD and LILA MUIRHEAD)

By their attorneys,

Jacob Van Leer*

 /s/ Henry Klementowicz
Henry Klementowicz, N.H. Bar No. 21177

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street NW<br>Washington, D.C. 20005<br>(202) 715-0815<br>jvanleer@aclu.org<br><br>Geoffrey M. Atkins*<br>John T. Montgomery*<br>Patrick T. Roath*<br>Desiree M. Pelletier*<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7000<br>Geoffrey.Atkins@ropesgray.com<br>John.Montgomery@ropesgray.com<br>Patrick.Roath@ropesgray.com<br>Desiree.Pelletier@ropesgray.com | Gilles Bissonnette, NH Bar No. 265393<br>AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION<br>18 Low Avenue<br>Concord, NH 03301<br>(603) 224-5591<br>henry@aclu-nh.org<br>gilles@aclu-nh.org<br><br>Ming Cheung*<br>Sophia Lin Lakin*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2500<br>mcheung@aclu.org<br>slakin@aclu.org<br><br>* Admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I certify that on today's date, I served all counsel who have appeared by filing the foregoing through the Court's ECF/Case Management system.

/s Henry Klementowicz

Henry Klementowicz