**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| COALITION FOR OPEN DEMOCRACY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*,<br><br>*Defendants*. | Case No. 1:24-cv-00312-SE-TSM |

# REVISED JOINT PROPOSED DISCOVERY PLAN

NOW COME all parties, by and through their respective counsel, and jointly move the Court to enter the following Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the District of New Hampshire.

## RULE 26(f) CONFERENCE INFORMATION

| | |
|---|---|
| **DATE/PLACE OF CONFERENCE:** | By video conference on March 11, 2025 and subsequent e-mail exchanges |
| **PLAINTIFFS' PARTICIPATING COUNSEL:** | AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION: Henry Klementowicz and Gilles R. Bissonnette<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION: Jacob Van Leer, Ming Cheung, Clayton Pierce, and Sophia Lin Lakin<br><br>ROPES & GRAY LLP: Desiree M. Pelletier, Geoffrey M. Atkins, and John T. Montgomery<br><br>*On behalf of Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Steven Borne (as father and next friend of Miles Borne), and Russell Muirhead (as father and next friend of Alexander Muirhead and Lila Muirhead)* |

| | |
|---|---|
| **DEFENDANTS' PARTICIPATING COUNSEL:** | NEW HAMPSHIRE DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL: Michael P. DeGrandis and Catherine A. Denny<br>*On behalf of New Hampshire Secretary of State David M. Scanlan and New Hampshire Attorney General John M. Formella, in their official capacities* |

## CASE SUMMARY

| | |
|---|---|
| **PLAINTIFFS:** | Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Steven Borne (as father and next friend of Miles Borne), and Russell Muirhead (as father and next friend of Alexander Muirhead and Lila Muirhead) |
| **DEFENDANTS:** | New Hampshire Secretary of State David M. Scanlan and New Hampshire Attorney General John Formella, in their official capacities |
| **THEORIES OF LIABILITY:** | Plaintiffs assert that a newly-enacted statute, 2024's HB 1569, removes the qualified voter affidavit and the challenged voter affidavit previously permitted in New Hampshire elections. The removal of the qualified voter affidavit to prove citizenship when registering to vote is an unjustified burden on the right to vote in violation of the First and Fourteenth Amendments. The removal of the challenged voter affidavit when voting is also an unjustified burden on the right to vote, and a violation of due process and equal protection in violation of the Fourteenth Amendment. |
| **THEORIES OF DEFENSE:** | Defendants assert that House Bill 1569 does not unjustifiably burden the rights of Plaintiffs and the law serves the government's interest in ensuring the integrity of New Hampshire's elections. |
| **DAMAGES:** | None |
| **DECLARATORY RELIEF:** | Plaintiffs seek a declaration that HB 1569 violates the First and Fourteenth Amendments to the United States Constitution. |

| | |
|---|---|
| **INJUNCTIVE RELIEF:** | Plaintiffs seek to enjoin implementation and enforcement of HB 1569. |
| **ATTORNEYS' FEES & COSTS:** | Plaintiffs seek reasonable attorneys' fees and costs. |
| **DEMAND:** | None |
| **OFFER:** | None |
| **JURISDICTIONAL QUESTIONS:** | Defendants have not yet filed their responsive pleading and reserve their right to assert jurisdictional challenges. |
| **QUESTIONS OF LAW:** | (1) Does HB 1569 unjustifiably burden Plaintiffs' First or Fourteenth Amendment rights to vote by eliminating the Qualified Voter Affidavit for Citizenship?<br>(2) Does HB 1569 unjustifiably burden Plaintiffs' First or Fourteenth Amendment rights to vote by eliminating the Challenged Voter Affidavit?<br>(3) Does HB 1569 violate Plaintiffs' Fourteenth Amendment rights to procedural due process by eliminating the Challenged Voter Affidavit?<br>(4) Does HB 1569 violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law by eliminating the Challenged Voter Affidavit?<br>(5) Do the Plaintiffs have standing?<br>(6) Does the Complaint state claims upon which this Court may grant relief?<br>(7) Do Defendants' affirmative defenses bar Plaintiffs' claims or their requested relief in whole or in part? |
| **TYPE OF TRIAL:** | The parties request a bench trial. |

**SCHEDULE**

| | |
|---|---|
| **TRACK ASSIGNMENT:** | Standard track |
| **TRIAL DATE:** | February 9, 2026 |
| **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** | Not applicable |

| | |
|---|---|
| **AMENDMENT OF PLEADINGS:** | May 9, 2025, or subsequently by leave of Court or at the Court's invitation. |
| **JOINDER OF ADDITIONAL PARTIES:** | May 9, 2025 |
| **THIRD-PARTY ACTIONS:** | May 9, 2025 |
| **MOTIONS TO DISMISS:** | Plaintiffs' surreply to the pending Motion to Dismiss will be filed on March 14, 2025. Subsequent motions to dismiss require leave of Court or the Court's invitation. |
| **EXPERT DISCLOSURES, WRITTEN REPORTS & SUPPLEMENTATIONS:** | Plaintiffs' Expert Disclosures & Written Reports: June 4, 2025<br>Defendants' Expert Disclosures & Written Reports: August 22, 2025<br>Expert Rebuttal Reports: September 19, 2025<br>Supplementations per Fed. R. Civ. P. 26(e) |
| **COMPLETION OF DISCOVERY:** | September 22, 2025 |
| **MOTIONS FOR SUMMARY JUDGMENT:** | October 10, 2025 |
| **CHALLENGES TO EXPERT TESTIMONY:** | November 10, 2025 |

## DISCOVERY

| | |
|---|---|
| **DEFENDANTS' OBJECTION:** | Defendants filed a Motion to Dismiss asserting that Plaintiffs lack standing and that the Complaint fails to state claims upon which the Court may grant relief. ECF No. 36. Plaintiffs have objected to the Motion. ECF No. 45.<br>This Revised Joint Proposed Discovery Plan does not waive Defendants' rights to object to discovery for lack of standing and subject-matter jurisdiction, while their Motion to Dismiss is pending. |
| **TIMING OF DISCOVERY:** | Written discovery (*i.e.*, discovery exclusive of depositions) is currently underway.<br>The parties have agreed to a rolling production of documents to begin the earlier of: (i) the Court's resolution of Defendants' currently pending Motion to Dismiss; or (ii) April 14, 2025. |

| | |
|---|---|
| | Depositions may commence upon the earlier of (i) the Court's ruling on Defendants' currently pending Motion to Dismiss; (ii) July 22, 2025; (iii) the parties' agreement; or (iv) leave of Court. |
| **DISCOVERY NEEDED:** | Plaintiffs: Plaintiffs anticipate serving written discovery and taking depositions. Plaintiffs seek, for example, all documents, records, communications, and other information stored in any form ("Discoverable Material") to the extent permitted by Fed. R. Civ. P. 26(b)(1), including Discoverable Material related to Defendants' assertion that HB 1569 is constitutional.<br><br>Defendants: Defendants anticipate serving written discovery and taking depositions. Defendants seek all Discoverable Material to the extent permitted by Fed. R. Civ. P. 26(b)(1), including Discoverable Material upon which the Complaint bases its factual allegations and as needed for Defendants to support their affirmative defenses.<br><br>The Parties intend to move the Court to enter an appropriate stipulation governing the confidentiality of material produced by the parties in discovery.<br><br>Plaintiffs have requested production of the New Hampshire Statewide Voter Registration System ("SVRS"). Defendants have denied the request. The parties met and conferred in good faith but without resolution, so Plaintiffs will seek to compel SVRS production.<br><br>The Parties expressly reserve their rights to object to any discovery including, but not limited to, interrogatories, requests for production of documents, and requests for admission ("Discovery Requests"), as unduly burdensome or irrelevant, including the subject matters identified by the parties herein, and to object on any other good faith applicable basis. |
| **INITIAL DISCLOSURES \| FED. R. CIV. P. 26(a)(1):** | Plaintiffs: Plaintiffs disclosed all information as required by Fed. R. Civ. P. 26(a)(1) on February 7, 2025.<br><br>Defendants: Defendants disclosed all information as required by Fed. R. Civ. P. 26(a)(1) on February 17, 2025. |

| | |
|---|---|
| | The parties will Bates stamp documentary mandatory disclosures and produce them in accordance with the terms to which they agreed in “Requests for Production of Documents” and “Electronic Information Disclosures” below. |
| **PRESERVATION OF DOCUMENTS & INFORMATION:** | The parties have preserved and will continue to preserve all Discoverable Material in their possession, custody, or control from January 1, 2016 to present. |
| **DOCUMENT COLLECTION:** | On or before this Court’s entry of a scheduling order, the parties will meet and confer regarding possible custodians, locations, and retained forms of Discoverable Material, and negotiate reasonable search terms for ESI, if applicable. |
| **INTERROGATORIES:** | Plaintiffs may propound a maximum of 25 interrogatories on each Defendant, and Defendants may propound a maximum of 25 interrogatories on each Plaintiff.<br><br>Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS:** | The parties will scan all non-ESI documents into electronic form and will produce such documents in accordance with the terms to which they agreed in “Electronic Information Disclosures” below, to the extent possible.<br><br>Written responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. Document production will be provided on a rolling basis. |
| **REQUESTS FOR ADMISSION:** | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **DEPOSITIONS:** | Plaintiffs may take a maximum of 10 depositions on each Defendant, including fact and expert depositions, and Defendants may take a maximum of 10 depositions on each Plaintiff, including fact and expert depositions.<br><br>Each deposition will be limited to seven hours unless extended by agreement of the parties. Fed. R. Civ. P. 30(a)(2)(B). |

| | |
|---|---|
| **ELECTRONIC INFORMATION DISCLOSURES \| FED. R. CIV. P. 26(f):** | The parties will produce ESI, if any, in .dat load files using standard delimiters, Bates stamped, as single page .pdf with an accompanying .opt file. The parties have agreed to include the following metadata fields within the .dat load file: <Begin Bates> <End Bates> <Pages> <BeginFamily> <EndFamily> <Placeholder> <File Extension> <NativePath> <TextPath> <Author> <From> <To> <Bcc> <Cc> <Subject> <Title> <Custodian> <Date> <Date Sent> <File Path> <Filename> <MD5 Hash> <SHA1 Hash>. OCR/extracted text, native files, and images will be provided in separate folders matching Bates numbers, with a reference to the location contained within the .dat file. |
| **DISCLOSURE EXEMPTIONS \| FED. R. 26(b)(5) & FED R. 26(f)(3)(D):** | If any party asserts that a privilege, doctrine, statute, or rule exempts any Discoverable Material from an answer or production, in whole or in part, the asserting party will produce a privilege log with sufficient information for the receiving party to assess the claim of privilege without revealing the exempted information itself. A privilege log must, at a minimum: (i) state the basis for withholding each category of Discoverable Material; (ii) sufficiently describe the subject matter of each category to permit the other party to evaluate the nondisclosure claim; (iii) identify the date range; and (iv) provide an aggregate list of all persons privy to the undisclosed Discoverable Material.<br><br>The parties will not schedule Discoverable Material that is subject to a disclosure exemption in a privilege log where the Discoverable Material post-dates the filing of the Complaint (ECF No. 1), September 30, 2024.<br><br>If any party inadvertently discloses Discoverable Material subject to a disclosure exemption, the inadvertent production shall not constitute waiver of the protection and the producing party may demand prompt return or destruction the exempted Discoverable Material if the disclosure so qualifies under Fed. R. Evid. 502(b). |
| **STIPULATION REGARDING EVIDENCE PROTECTIONS \| FED. R. CIV. P. 26(f):** | Not applicable |

**OTHER ITEMS**

| | |
|---|---|
| **SETTLEMENT POSSIBILITIES:** | Settlement is not possible. |
| **JOINT STATEMENT RE: MEDIATION:** | Mediation is not possible. |
| **TRIAL ESTIMATE:** | 10 days |
| **WITNESSES & EXHIBITS:** | Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.<br>Objections are due 14 days after filing of final pretrial statements. |
| **PRELIMINARY PRETRIAL CONFERENCE:** | To be scheduled. The parties believe a preliminary pretrial conference could be helpful. |
| **OTHER MATTERS:** | Defendants' Motion to Dismiss is pending and Plaintiffs will file a surreply on March 14, 2025.<br>The parties have reached an impasse regarding production of New Hampshire's SVRS database, so Plaintiffs will move to compel production. |

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN and JOHN M. FORMELLA, in their official capacities

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: March 14, 2025

/s/ Michael P. DeGrandis

Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
catherine.a.denny@doj.nh.gov

COALITION FOR OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE, THE FORWARD FOUNDATION, MCKENZIE NYKAMP TAYLOR, DECEMBER RUST, STEVEN BORNE (as father and next friend of MILES BORNE), and RUSSELL MUIRHEAD (as father and next friend of ALEXANDER MUIRHEAD and LILA MUIRHEAD)

By their attorneys,

/s/ Henry Klementowicz

Henry Klementowicz, N.H. Bar No. 21177
Gilles Bissonnette, NH Bar No. 265393
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
18 Low Avenue
Concord, NH 03301
(603) 224-5591
henry@aclu-nh.org
gilles@aclu-nh.org

Ming Cheung*
Clayton Pierce*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2500
mcheung@aclu.org
cpierce@aclu.org
slakin@aclu.org

Jacob Van Leer*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, D.C. 20005
(202) 715-0815
jvanleer@aclu.org

Geoffrey M. Atkins*
John T. Montgomery*
Desiree M. Pelletier*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
(617) 951-7000
Geoffrey.Atkins@ropesgray.com
John.Montgomery@ropesgray.com
Desiree.Pelletier@ropesgray.com

* Admitted *pro hac vice*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record through the Court’s e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis