# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW HAMPSHIRE

COALITION FOR OPEN DEMOCRACY, *et al.*,

    *Plaintiffs*,

v.

DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*,

    *Defendants*.

Case No. 1:24-cv-00312-SE-TSM

## AFFIDAVIT OF DAVID M. SCANLAN

I, David M. Scanlan, being duly sworn on oath or affirmation, depose and state as follows:

### Introduction

1. I am at least 18 years of age and I am competent to testify on the matters set forth herein. I have personal knowledge of the following facts, and if called as a witness, I can and will competently testify thereto.

2. I serve as the Secretary of State, a defendant in this lawsuit in my official capacity.

3. I have served as Secretary of State since January 10, 2022. I previously served as Deputy Secretary of State from June 8, 2002, to January 10, 2022.

4. As the Secretary of State, my official responsibilities include, but are not limited to, serving as the Chief Election Officer for New Hampshire. RSA 652:23. Those duties include leading the management of the Statewide Voter Registration System required by RSA 654:45 and the federal Help America Vote Act.

5. I submit this affidavit in support of Defendants' Amended Objection to Plaintiffs' Motion to Compel the Statewide Voter Database & Related Documents (ECF No. 60) ("Defendants' Objection").

## Statewide Voter Registration System

6. New Hampshire's Statewide Voter Registration ("SVRS") is a database and communications system accessed by local election officials throughout the state. Local election officials, supervisors of the checklist and clerks, enter and update the data in the SVRS. Each can access the data on the voters in their own town or city. They have access to data on voters registered in other towns or cities only when managing the transfer of a voter's registration from one town/city to another town/city. RSA 654:45, III (2)(c).

7. New Hampshire's SVRS is required by federal law and by state law. Federal law mandates that state officials guarantee the integrity of the system and the confidentiality of the data maintained in the database. State law, RSA 654:45, provides that "the secretary of state shall "provide adequate technological security measures to deter unauthorized access to the records contained in the voter database." RSA 654:45, V(b).

8. Defendants' Amended Objection accurately states the SVRS' purpose, usage, and function. It also accurately states the nature of the data.

9. Election infrastructure, Statewide Voter Registration Systems in particular, are under threat from domestic and foreign actors who seek to intrude into the system for criminal purposes including altering voter data and disrupting the functionality of the system at critical stages of an election. Real and substantial cyber threats to state's voter registration databases exist. Substantial federal and state resources are used each year to secure the SVRS from cyber intrusion. Federal authorities have warned that substantial resources from other countries are

actively seeking to hack into statewide voter registration systems across the United States. Cybersecurity experts caution that the structure of the relational database, including table and field names, must be kept secret as this information would significantly aid criminals seeking to intrude into the system. I direct my staff to take all practical steps to keep the data in the SVRS secure and to avoid public disclosure of the structure and field labels.

10. My staff and I have, over the years, been contacted by many voters who are concerned with the privacy of their voter records. Disclosure of voter's data affects voter's views on voting. State law makes the checklist data, the name, domicile address, mailing address, town or city, and party affiliation, if any, of registered voters, public information subject to New Hampshire's Right-to-Know law, RSA 91-A. An exception makes this data on confidential voters non-public. A confidential voter is a voter requesting that status who is protected by a domestic violence protective order or who is a participant in the Attorney General's Office address confidentiality program. The marked checklist used at an election is a public record available at each clerk's office. RSA 659:102. In the past when there has been public discourse on the disclosure of just the public checklist information, my office has received many calls and emails from voters who sought to have their name removed from the checklist. I make all practical efforts to keep the SVRS cybersecure and to protect the voter's data in part to ensure that disclosure does not deter voting.

11. New Hampshire law appropriately places significant importance on keeping voter's data private and the SVRS as secure as possible from cyber intrusion. RSA 654:45, VI, makes it a crime, a misdemeanor, to "discloses information from the voter database in any manner not authorized by this section . . . ." The New Hampshire Supreme Court upholding application of RSA 654:45 in civil discovery has recognized that the restrictions on disclosure of

the SVRS may have "the purpose of maintaining the confidentiality of the Database, which the legislature deemed important to preserve." *Petition of N.H. Secretary of State & New Hampshire Attorney General, 171 N.H. 728 (2019)*. This law establishes my duty to protect the SVRS and all non-public data in the SVRS from any disclosure which would violate voter's expectations of privacy and any disclosure which would make it easier for cyber intruders, domestic or foreign nation state, to gain access to the SVRS.

12. The SVRS is a complex relational database developed for New Hampshire by a private vendor. The contract for the database provides New Hampshire with a "non-exclusive, non-transferrable, worldwide, irrevocable, royalty free, perpetual license . . ." June 21, 2022, Contract. A similar provision applies to the legacy system, Electio*Net*, previously provided by a different vendor. The prior vendor's role may be limited in that data from Electio*Net* was transferred into SVRS, but may require back end queries to extract. The vendors retain a property interest in the software and can sell their statewide voter registration systems to other states. The contract prevents transferring the entire voter database to a third party, in part as they would have no license to operate the software. Were the state ordered to disclose the "database" it would be necessary to afford the vendors the opportunity to defend their property interests. I expect that significant safeguards would be essential to protecting the cybersecurity of the systems and the vendor's property interests while the "database" is in the hands of the plaintiffs.

[SIGNATURE ON NEXT PAGE]

I hereby declare under the penalty of perjury that the foregoing testimony supporting Defendants' Amended Objection to Plaintiffs' Motion to Compel the Statewide Voter Database & Related Documents (ECF No. 60) in the case of *Coalition for Open Democracy, et al. v. Scanlan, et al.*, Docket No. 1:24-cv-312-SE-TSM, is true and accurate to the best of my knowledge and belief.

Dated: April 28, 2025

_____
David M. Scanlan
Secretary of State
N.H. Department of State

THE STATE OF NEW HAMPSHIRE
COUNTY OF Merrimack

Personally appeared before me, Davied M. Scanlan, and acknowledged the foregoing to be true and accurate to the best of his knowledge and belief.

Dated: 4/28/2025

_____
Notary Public / Justice of the Peace