# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| COALITION FOR OPEN DEMOCRACY, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*,<br><br>    *Defendants*. | Case No. 1:24-cv-00312-SE-TSM |
| NEW HAMPSHIRE YOUTH MOVEMENT,<br><br>    *Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br><br>    *Defendant*. | Case No. 1:24-cv-00291-SE-TSM |

### DEFENDANTS' PARTIALLY ASSENTED-TO MOTION TO CONTINUE HEARING & FOR CLARIFICATION

NOW COME Defendants New Hampshire Secretary of State David M. Scanlan and New Hampshire Attorney General John M. Formella (collectively, the "Defendants"), by and through their counsel, the Office of the Attorney General, and move pursuant to Local Rule 7.2(a) to continue the hearing on Plaintiff's Motion to Compel Production of the Statewide Voter Database and Related Documents (*Open Democracy* ECF No. 60; *Youth Movement* ECF No. 63) and for clarification regarding the nature of the hearing, and state as follows:

    1.    At 5:32 p.m. on May 5, 2025, the Court scheduled a hearing on Plaintiff's Motion to Compel Production for May 12, 2025 at 1:30 p.m. *Open Democracy* Notice (May 5, 2025).

2. Undersigned counsel is not available on May 12, 2025 because he will be undergoing and recovering from a medical procedure that day and he cannot defer the procedure.

3. Accordingly, Defendants respectfully request that the Court reschedule the hearing to avoid counsel's conflict.

4. Additionally, Defendants' Amended Objection to the Motion to Compel offered to make the Secretary of State available to testify at a hearing once the Court determined whether it had subject-matter jurisdiction. *Open Democracy* ECF No. 70 at 14-15. It is not clear on the face of the Notice whether the Court will hear the Secretary's testimony. Preparation for an evidentiary hearing—whether presenting evidence or cross-examining—is substantially different from preparing for an argument-only hearing.

5. Accordingly, Defendants respectfully request clarification regarding whether the Motion to Compel hearing will include testimony.

6. <u>Local Rule 7.1(a)(2)</u>: Due to the nature of the relief requested, no memorandum of law is required.

7. <u>Local Rule 7.1(c) [*Open Democracy v. Scanlan*]</u>: On Tuesday and Wednesday, the *Open Democracy* Plaintiffs and Defendants attempted to negotiate assent to this Motion. The *Open Democracy* Plaintiffs have asked Defendants to describe their position on this Motion and the relief it requests thusly:

> Plaintiffs assent to a brief continuance to accommodate counsel's schedule, but would object to a continuance of the hearing beyond the week of May 12 given the quickly approaching expert deadlines. Plaintiffs' counsel will make themselves available at any time that week for a hearing at the Court's convenience. If the Defendants cannot be available the week of May 12, the Plaintiffs respectfully request that the Court consider the Motion to Compel on the filed briefs.

E-mail from Henry Klementowicz to Michael DeGrandis (May 7, 2025, 16:21 EDT). The Defendants could not agree to such a short timeline given the importance of the issues presented

in the Motion to Compel, the uncertainty surrounding whether the Secretary of State must take time from his official duties to testify, and undersigned counsel's caseload and schedule. Defendants propose May 28 or June 4, 5, or 6 for a hearing, when undersigned counsel and the Secretary are both available. If these dates are not convenient for Plaintiffs and the Court, Defendants will negotiate with Plaintiffs in good faith to find dates that fit the Court's calendar.

8. Local Rule 7.1(c) [*N.H. Youth Movement v. Scanlan*]: On May 5, 2025, New Hampshire Youth Movement filed its Motion to Compel Production of the Statewide Voter Database & Related Documents. *Youth Movement* ECF No. 63. Because the Court did not notice the Motion to Compel hearing in Youth Movement's case, Youth Movement takes no position regarding this Motion.

9. Local Rule 7.2(a): Neither this Motion nor its requested relief will result in the continuance of any currently scheduled trial or hearing.

## Prayer for Relief

WHEREFORE, Secretary of State Scanlan and Attorney General Formella respectfully request that this Honorable Court:

A. Grant this Partially Assented-To Motion;
B. Continue the hearing on the Motion to Compel;
C. Clarify the nature of the hearing;
D. Reschedule the hearing at a time suitable to the parties and the Court; and
E. Grant such further relief as is just and equitable.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

                                              JOHN M. FORMELLA
                                              ATTORNEY GENERAL

Date:  May 7, 2025                   /s/ Michael P. DeGrandis
                                        Michael P. DeGrandis, N.H. Bar No. 277332
                                        Assistant Attorney General
                                        Catherine A. Denny, N.H. Bar No. 275344
                                        Assistant Attorney General
                                        New Hampshire Department of Justice
                                        1 Granite Place South
                                        Concord, NH 03301
                                        (603) 271-3650
                                        michael.p.degrandis@doj.nh.gov
                                        catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on all parties of record in both *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM) and *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) through the Court's e-filing system.

                                                /s/ Michael P. DeGrandis
                                                Michael P. DeGrandis