UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| COALITION FOR OPEN DEMOCRACY, *et al.*,<br><br>　*Plaintiffs*,<br><br>　v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*,<br><br>　*Defendants*. | Case No. 1:24-cv-00312-SE-TSM |

### DEFENDANTS' MOTION TO CONTINUE DEADLINE TO PRODUCE NEW HAMPSHIRE'S STATEWIDE VOTER REGISTRATION SYSTEM

　NOW COME Defendants New Hampshire Secretary of State David M. Scanlan and New Hampshire Attorney General John M. Formella (collectively, the "Defendants"), by and through their counsel, the Office of the Attorney General, and move to continue compliance with the Court's Endorsed Order to produce New Hampshire's Statewide Voter Registration System ("SVRS"), and state as follows:

　1.　On Tuesday, May 20, 2025, the Court noticed and held a virtual conference regarding Plaintiffs' Motion to Compel production of the SVRS.

　2.　The Court did not request argument at the virtual conference. The Court informed the parties that it decided to grant Plaintiffs' Motion and that the Court expected Defendant Secretary of State to comply with the Court's order by producing the SVRS database within seven days, by Tuesday, May 27, 2025. The Court indicated that a written order would be forthcoming. *See* Minute Entry (May 20, 2025) ("Order on Motion to Compel to issue."). The Court also acknowledged that a protective order would be necessary to protect confidentiality and election security, and ordered the parties to begin negotiating a protective order.

3.     Also at the conference, Defendants' counsel informed the Court that Defendants were already in partial compliance with the Court's order as of Sunday, May 18, 2025. Defendants produced data reflecting Qualified Voter and Challenged Voter Affidavit use by current active, pending, or pending removal voters, from January 1, 2016 to present. The data breaks down affidavit use by jurisdiction and year.

4.     Shortly after the virtual conference, the Court issued an Endorsed Order:

> ENDORSED ORDER granting [60] Motion to Compel. Text of Order: As discussed at today's status conference, the plaintiffs' motion to compel (doc. no. 60) is granted. On or before May 27, 2025, the defendants must produce to the plaintiffs the information requested in the motion to compel. Memorandum opinion to follow. So Ordered by Judge Samantha D. Elliott.(vln)

End. Order (May 20, 2025).

5.     For reasons the Court articulated at the May 20th virtual conference, the Court has understandably not been able to issue its full memorandum order as of the time of this Motion's filing.

6.     Defendants are simultaneously engaged on three tracks, but none of the tracks can be completed by Tuesday's deadline.

7.     First, Defendants have been preparing to produce the database since the Court issued its Endorsed Order, but production will require more than one week. The SVRS is a sophisticated relational database that cannot be copied and pasted to an SSD drive. Logistically, production requires outside vendor engagement—the Secretary's office does not have the ability to produce the SVRS without technical assistance from the database designer. The Secretary has been discussing the method of that production and technical specifications with the vendor since Wednesday, but the vendor's transfer of data is the first step in the process, and three of the seven compliance days are over a holiday weekend.

8.      Also, SVRS production requires a protective order.  The parties began the iterative process of negotiating a protective order earlier in the week and began edits today.  The proposed protective order is detailed and nuanced, so it requires a lot of back-and-forth among and between the parties and it requires cross-agency approval on the Defendants' end.  There is more to it in substance and implications than Civil Form 5.  It cannot be completed by Tuesday.

9.      Second, the parties are currently exploring a negotiated resolution to the technology challenges of compliance and Defendants' concern for the security of critical election infrastructure.  Earlier today, Plaintiffs' and Defendants' counsel had a productive meeting, but there are multiple steps to this process.  Success is not guaranteed of course, but seven days is not enough time to explore mutually acceptable options because the SVRS is a sophisticated relational database that is comprehensive and includes nonvoter information including election official passcodes and unrelated election management information.

10.     Third, Defendants do not have the benefit of a written memorandum order providing the Court's reasoning and rationale for granting Plaintiffs' Motion to Compel.  Defendants cannot ascertain the factual or legal basis for the Court's order, so they do not know whether the Court misapprehended an issue that should be reconsidered by the Court.  Also, Defendants cannot determine whether they should appeal the order, because they do not know whether or how the Court decided it has subject-matter jurisdiction to issue the order, how the Court interpreted the cooperative federalism scheme of HAVA and New Hampshire law, or why the Court determined that Plaintiffs adequately demonstrated a need for the SVRS.  Moreover, disclosure of the SVRS is criminal, and Defendants have no guidance from the Court on the issue of criminal liability.  As stated above, the Court's inability to issue a written order is

understandable, but Defendants do not know how to proceed without knowing the Court's reasoning behind its Endorsed Order.

11.   Defendants' engagement on these three tracks is simultaneous. So, the negotiation and objection tracks are not slowing their progress on the production track.

12.   Accordingly, Defendants respectfully request that the Court order the parties to file a status report on or before June 29, 2025.

13.   <u>Local Rule 7.1(a)(2)</u>:  Due to the nature of the relief requested, no memorandum of law is required.

14.   <u>Local Rule 7.1(c)</u>:  Plaintiffs object to this Motion.

15.   <u>Local Rule 7.2(a)</u>:  Neither this Motion nor its requested relief will result in the continuance of any currently scheduled trial or hearing.

**Prayer for Relief**

WHEREFORE, Secretary of State Scanlan and Attorney General Formella respectfully request that this Honorable Court:

A.   Grant this Motion;
B.   Order the parties to file a status report on or before June 29, 2025; and
C.   Grant such further relief as is just and equitable.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  May 23, 2025          /s/ Michael P. DeGrandis
                             Michael P. DeGrandis, N.H. Bar  No. 277332

        Assistant Attorney General
        Catherine A. Denny, N.H. Bar No. 275344
        Assistant Attorney General
        New Hampshire Department of Justice
        1 Granite Place South
        Concord, NH 03301
        (603) 271-3650
        michael.p.degrandis@doj.nh.gov
        catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

        /s/ Michael P. DeGrandis
        Michael P. DeGrandis