UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Miles Borne, by his next friend Steven Borne, Alexander Muirhead, by his next friend Russell Muirhead, and Lila Muirhead, by her next friend Russell Muirhead, <br><br>    Plaintiffs, <br><br>vs. <br><br>David M. Scanlan, in his official capacity as New Hampshire Secretary of State, and John Formella, in his official capacity as New Hampshire Attorney General, <br><br>    Defendants. | Civil Action No. 1:24-cv-00312-SE |

**OBJECTION TO DEFENDANTS' MOTION TO CONTINUE DEADLINE TO PRODUCE NEW HAMPSHIRE'S STATEWIDE VOTER REGISTRATION SYSTEM**

  The Defendants seek to continue their obligation to produce the Statewide Voter Registration System indefinitely, proposing that the Court order the parties to file joint status report on or before June 29, 2025. *See* Motion, ¶ 12. After full briefing, the Court ordered this produced by May 27, 2025. *See* Endorsed Order (May 20, 2025). In support of their motion, Defendants explain that they are simultaneously engaging in three tracks: attempting to negotiate production of a portion of the SVRS with Plaintiffs; working on a protective order; and working with their vendor to gather the responsive documents.

  Plaintiffs object on the grounds of timeliness. Our expert reports are due June 18, 2025,

1

with a tight schedule leading to trial scheduled for February 2026. While plaintiffs are sympathetic to counsel's workload, the Defendants have been on notice plaintiffs were requesting this information at least since February 25, 2025 when Plaintiffs propounded their Second Request for the Production of Documents. Courts in this district have ordered this information produced previously—and Defendants have produced it without similar issue—and so the Defendants should have been on notice that this Court would likely grant Plaintiffs' Motion to Compel. Nowhere in their Motion to Continue do Defendants explain why they waited until the Court ordered production to begin gathering responsive documents. To the extent that Defendants now find themselves pressed for time, it is a problem of their own making.

To the extent that Defendants complain of the time needed to agree on a unique protective order, it is again a result of their own delay. Defendants have been aware of plaintiffs' willingness to negotiate a protective order governing the use of the now-compelled discovery since at least February 19, 2025, when plaintiffs' counsel emailed Defendants' counsel to express our position that the law entitles us to discovery of the voter database and to indicate our eagerness "to discuss a potential protective order that the State would request."  Defendants' motion similarly neglects to explain why they waited until now to propose the terms of a protective order or seek cross-agency approval for such an order.  Last week, to keep the process moving, Plaintiffs proposed a generous protective order that largely mirrors the terms to which Defendants have agreed when producing the voter database in prior litigation.  If Defendants are unable to agree to that order by May 27, 2025, plaintiffs would ask the Court to instead enter in this matter the same protective order it has already entered in *NH Youth Movement v. Scanlan*.  *See* Protective Order, Case No. 1:24-cv-291, ECF No. 69 (D.N.H. May 16, 2025).

Accordingly, the Court should deny Defendant's Motion to Continue. In the alternative, if

the Court does grant the motion, plaintiffs request that it extend Plaintiffs' expert report deadline by one business day for each business day beyond May 27, 2025 it takes for Defendants to produce the court-ordered records, while keeping the remainder of the discovery schedule in place.

Respectfully submitted,

COALITION FOR OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE, THE FORWARD FOUNDATION, MCKENZIE NYKAMP TAYLOR, DECEMBER RUST, MILES BORNE, BY HIS NEXT FRIEND STEVEN BORNE, ALEXANDER MUIRHEAD, BY HIS NEXT FRIEND RUSSELL MUIRHEAD, AND LILA MUIRHEAD, BY HER NEXT FRIEND RUSSELL MUIRHEAD

By and through their attorneys,

*/s/ Henry R. Klementowicz*
Henry R. Klementowicz (N.H. Bar No. 21177)
Gilles R. Bissonnette (N.H. Bar No. 265393)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
18 Low Avenue
Concord, NH 03301
(603) 333-2201
henry@aclu-nh.org
gilles@aclu-nh.org

Jacob van Leer
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, D.C. 20005
(202) 715-0815
jvanleer@aclu.org

Ming Cheung
Clayton Pierce
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2500
mcheung@aclu.org
cpierce@aclu.org
slakin@aclu.org

Geoffrey M. Atkins
John T. Montgomery
Desiree M. Pelletier
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
(617) 951-7000
Geoffrey.Atkins@ropesgray.com
John.Montgomery@ropesgray.com
Desiree.Pelletier@ropesgray.com

*Counsel for Plaintiffs*

May 27, 2025

## **CERTIFICATE OF SERVICE**

I certify that on today's date I served a copy of the foregoing on all counsel through the court's ECF system.

*/s/ Henry Klementowicz*

Henry Klementowicz

5