UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Miles Borne, by his next friend Steven Borne, Alexander Muirhead, by his next friend Russell Muirhead, and Lila Muirhead, by her next friend Russell Muirhead, <br> Plaintiffs, <br><br> vs. <br><br> David M. Scanlan, in his official capacity as New Hampshire Secretary of State, and John Formella, in his official capacity as New Hampshire Attorney General, <br><br> Defendants. | Civil Action No. 1:24-cv-00312-SE |

## PLAINTIFFS' MOTION TO COMPEL RESPONSIVE DOCUMENTS

### (Expedited Treatment Requested Under Local Rule 7.1(f))

Plaintiffs Coalition for Open Democracy ("Open Democracy"), League of Women Voters of New Hampshire ("LWV-NH"), The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Miles Borne, by his next friend Steven Borne, Alexander Muirhead and Lila Muirhead, by their next friend Russell Muirhead (together the "Plaintiffs"), hereby move to compel Defendants Secretary of State David M. Scanlan and Attorney General John Formella (together the "Defendants") to produce all responsive non-privileged documents and a complete privilege log for any documents withheld based on privilege by August 22, 2025, which is one month before the close of discovery. Any additional delay will further prejudice Plaintiffs' ability to review the

1

documents in advance of depositions, which would have to be scheduled in the final month of discovery.

The production of relevant discovery is essential to Plaintiffs' prosecution of this case. Defendants' months-long delay in defiance of the Endorsed Joint Discovery Plan and the Federal Rules has already prejudiced Plaintiffs. Plaintiffs do not understand Defendants to be resisting production. The crux of Defendants' position appears to be that they do not have the time or resources to provide the discovery in a timely manner. But if that is true, it is a mess of Defendants' own making. Defendants waited *almost six months* after receiving Plaintiffs' requests to retain outside discovery counsel and begin their search of electronically stored information ("ESI") responsive to Plaintiffs' requests. Defendants' unexplained delay should not force Plaintiffs to delay trial or forego discovery to which we are entitled.

Further delay risks continued prejudice to Plaintiffs, needless waste of judicial resources, and a delay of trial. Defendants' failure to provide responses to Plaintiffs' requests and refusal to provide Plaintiffs with a date by which they will complete production require this Court's entry of an Order compelling them to produce all responsive non-privileged documents by August 22, 2025.[1] Plaintiffs respectfully request that this Motion to Compel be granted on an expedited basis pursuant to Local Rule 7.1(g).

Pursuant to Local Rule 37.1(a), "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 or 30 - 37 shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection, or a copy of the actual discovery

---

[1] Plaintiffs do not waive any objections or arguments by omission in this Motion, which addresses some but not all deficiencies in Defendants' discovery responses. Plaintiffs reserve the right to pursue additional remedies, including sanctions, for Defendants' noncompliance with the Federal Rules or if Defendants' fail to comply with any order of the Court issued in relation to this Motion. *See* Fed. R. Civ. P. 37.

document which is the subject of the motion, provided that the party shall file only that portion of the discovery document that is objected to or is the subject of the motion." Plaintiffs' first and third sets of requests for production ("RFPs") are reproduced in full in the attached exhibits. Plaintiff's First Set of RFPDs (Jan. 27, 2025), Ex. 1; Plaintiff's Third Set of RFPDs (May 2, 2025), Ex. 2.

## MOTION TO COMPEL STANDARD

"As a general matter, parties are entitled to broad discovery." *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989). "Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense and [is] proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Of course, relevant information "need not be admissible in evidence to be discoverable," *id.*, and "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Any party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4); *see Colligan v. Mary Hitchcock Mem'l Hosp.*, No. 16-CV-513-JD, 2019 WL 9111931, at *1 (D.N.H. Oct. 23, 2019) ("When the discovery provided is insufficient or inadequate, the opposing party may move to compel a more complete response"). "After providing

3

notice and making the necessary effort to resolve the discovery issue, a party may move to compel another party to produce requested documents." *Quentin Keefe v. LendUS, LLC*, No. 20-CV-195-JD, 2021 WL 3550036, at *1 (D.N.H. Aug. 11, 2021) (citing Fed. R. Civ. P. 27(a)(1) & 37(a)(3)(B)). "The moving party bears the burden of making an initial showing that the requested documents are relevant, and if that showing is made, the opposing party bears the burden of showing that the requested production is improper." *Id.* Evidence is relevant if it meets the minimal threshold of "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. at 351. An order compelling production is appropriate where, as here, a party has produced some but not all responsive documents and failed to specify a date for complete production. *See, e.g., Maggi v. Grafton Cnty. Dep't of Corr.*, No. 18-CV-59-LM, 2021 WL 12147799, at *3 (D.N.H. Nov. 9, 2021) (compelling production where "it is an open question as to whether Mr. Maggi has produced all of the documents response to the defendants' . . . requests for production").

## ARGUMENT

### I.     Plaintiffs' Requests for Production Target Relevant Evidence.

Plaintiffs' RFPs solicit relevant evidence that "bears on, or that reasonably could lead to another matter that could bear on," core issues in this case. *See Oppenheimer Fund, Inc.*, 437 U.S. at 351. They seek information related to the use of Qualified Voter Affidavits ("QVAs") and Challenged Voter Affidavits ("CVAs"), which were eliminated in H.B. 159 and are central to the burdens voters face under this new regime. The RFPs are designed to uncover evidence related to Defendants' awareness of the use and viability of those affidavits, which bears on the state interests Defendants are likely to assert in defense of the Bill. And the RFPs target information related to

H.B. 1569 and a similar bill, which will elucidate Defendants' awareness of the burdens it would inflict on voters.

These requests are standard fare in constitutional challenges to state laws. Defendants' only relevance objections in the months since Plaintiffs' propounded these requests were flatly rejected by this Court. *See Coal. for Open Democracy v. Scanlan*, No. 24-CV-312-SE, 2025 WL 1503937, at *3 (D.N.H. May 27, 2025). Any other relevance argument at this stage would be untimely and similarly inapt. *See* Fed. R. Civ. P. 34(b)(2)(B) (The response required within 30 days, if objected to, "must . . . state with specificity the grounds for objecting to the request, including the reasons.").

## II. Defendants' Dilatory and Incomplete Responses to Plaintiffs' Requests for Production Fail to Adhere to the Discovery Plan and Federal Rules.

Defendants have already failed to comply with the Revised Joint Proposed Discovery Plan ("Discovery Plan") endorsed by this Court. Plaintiffs propounded their first set of RFPs on Defendants on January 27, 2025, which Defendants responded to on March 12, and third set of RFPs on May 2, which Defendants responded to on June 19.[2] To counsel's knowledge, Defendants have only completed production for *only one* of the RFPs in Plaintiffs' first or third sets of RFPs.

As required by the Federal Rules and the Discovery Plan, Defendants must respond to requests for production "in writing within 30 days after being served" and either "complete[] [production] no later than the time for inspection specified in the request or another reasonable time specified in the response" or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2); *see* Proposed Revised Joint Disc. Plan, at 4 (Mar. 14, 2025), ECF No. 53; Endorsed Min. Order Approving Disc. Plan (Mar. 17, 2025). Defendants

---

[2] Plaintiffs' second set of RFPs, involving the Statewide Voter Registration System ("SVRS") are not at issue.

have failed to meet their obligations under the Discovery Plan[3] and the Federal Rules by serving responses late,[4] providing inadequate responses, providing unreasoned, general objections, and failing to specify a "reasonable time" for completing production. *See* Fed. R. Civ. P. 34(b)(2)(B).

> **A.    Defendants have not completed production or identified a date for completing production.**

At the Court's June 12, 2025 status conference, the Court asked Defendants whether "the State is going to be willing to turn over the rest of the things that have been requested in a timely fashion," and Defendants responded "Yes," stating further that supplemental responses (and initial responses to the third set of RFPs) were forthcoming with "pretty limited" objections. June 12, 2025 Tr. at 19:14–20:9. Counsel represented that "with [their] supplemental responses . . . [Defendants] will be able to provide information to the extent that that information or those documents exist." *Id.* The Court responded:

> [i]f on June 20th . . . [Plaintiffs] don't have the supplementation from the State with all of the information that [they] need, we need to start dealing with that, because this is a pattern that in every call or every hearing that we have I hear that there's outstanding requests, you don't have all the information, I hear from Attorney DeGrandis that the defendants are about to supplement.

*Id.* at 21:7–15.

---

[3] This case is particularly time-sensitive due to the nature of voting rights-related litigation. Even so, the Discovery Plan includes 8 months of discovery, which is a fairly typical time frame. This Court's standard track contemplates trial within 12 months of the preliminary pretrial conference.
[4] While Plaintiffs appreciate that Defendants have devoted much of their attention to producing the contents of the SVRS (requested in Plaintiffs' second set of RFPs), Defendants failed to meet their obligation to respond within 30 days for Plaintiffs' first or third sets of RFPs—the RFPs at issue. *See* Fed. R. Civ. P. 34(b)(2)(A). Defendants responded to Plaintiffs' first set of RFPs (propounded on January 27, 2025) on March 12, 2025 and to Plaintiffs' third set of RFPs (propounded on May 2, 2025) on June 19, 2025.

6

Defendants provided supplemental responses on June 19, 2025 indicating only that Defendants are "continuing to search [their] records" and "will produce records . . . [i]f such records are discovered." *See* Defs.' Resps. to RPFs Nos. 1–14, 17–19, 21–22, Ex. 5. Since then, other than PDFs of checklists from prior elections, Defendants have *produced fewer than 450 responsive documents*.[5] *See* Defendants' July 17, 2025 Discovery Letter, Ex. 3. As discussed in detail in Plaintiffs' July 3, 2025 Discovery Letter, Plaintiffs have significant concerns with the inadequate responses that Defendants have provided so far.[6] Worse still, more than six months after Plaintiffs served their first set of RFPs, Defendants have yet to identify a date for completing production—or even indicate to Plaintiffs when further substantial production of responsive documents may occur. Indeed, even with the assistance of outside counsel (who, according to Defendants' counsel's representations, did not begin their review of ESI until July 17, 2025), Defendants' counsel represented that they expect to be able to review 2,500–3,000 documents per week. Using Defendants' estimates of responsive records, this would extend the completion of production far beyond the September 22, 2025 discovery deadline.

Plaintiffs have been willing to work collaboratively with Defendants to facilitate timely production. But Defendants' continued approach of "conduct[ing] a cursory initial search to be followed by 'rolling' productions from subsequent, more thorough, searches is not an acceptable option." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). "Rule

---

[5] In Defendants' Discovery letter, they aver they have produced "more than 480,000 pages of documents." Defendants' July 17, 2025 Discovery Letter, Ex. 3 at 2. The vast majority of documents produced by Defendants so far encompass voter checklists, which Defendants' counsel did not review and which they retained the right to "claw back at any time" if any documents contain nonpublic voter information.

[6] Many of the specific deficiencies raised by Plaintiffs in their July 3 Letter remain unaddressed.

34 guarantees that the requesting party will receive, concurrently with the response, **all** documents reasonably available." *Id.* (emphasis in original).

### B. Plaintiffs' numerous efforts to resolve this dispute without motion practice were unsuccessful.

Plaintiffs sought to address Defendants' incomplete responses to Plaintiffs' first and third sets of RFPs through a deficiency letter on July 3, 2025. *See* Plaintiffs' July 3, 2025 Discovery Letter, Ex. 4.[7] Plaintiffs requested that Defendants "provide complete productions to the RFPs no later than July 11, 2025" or "meet and confer to determine whether a mutually agreeable alternative can be reached prior to involving the Court." *See id.* Defendants responded on July 17 without agreeing to complete production by a date certain or committing to address the deficiencies Plaintiffs identified. *See* Defendants' July 17, 2025 Discovery Letter, Ex. 3. Defendants' counsel represented in meet-and-confers that they waited nearly six months to begin an ESI search and only then stated that the body of responsive records is too large for review. Despite Defendants' delinquent productions, Plaintiffs engaged in protracted discussions with Defendants to minimize Defendants' discovery burdens, even proposing rolling production deadlines throughout August 2025 that would have allowed Plaintiffs (limited) time to review certain key documents in advance of depositions. That proposed rolling production schedule was still not enough for Defendants.

Throughout this process, Plaintiffs have worked in good faith with Defendants to amend and narrow search terms (crafted by the Defendants) and reduce the volume of documents Defendants' counsel may have to produce. Ultimately, however, is not Plaintiffs' obligation to micromanage Defendants' e-discovery process; nor could they, given the relevant materials are in

---

[7] The Deficiency Letter addressed a number of concerns with Defendants' responses. In this Motion, Plaintiffs only seek relief with respect to the timing of Defendants' complete productions.

Defendants' possession. Without access to the documents, it is impossible for Plaintiffs to assess the appropriateness of Defendants' strategy for identifying responsive materials.

It remains Defendants' obligation to produce responsive records, and they have failed to do so. Neither the State's paucity of resources dedicated to defending this case nor its nearly six-month delay in beginning review of documents central to this case excuse the State from meeting its obligation to complete production under the Discovery Plan and Federal Rules.

**C.     Defendants have failed to adequately specify documents withheld based on privilege.**

Any party seeking to withhold documents based on privilege must expressly assert privilege and "describe the nature of the documents" in a manner that "will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). If Defendants withhold documents moving forward, Plaintiffs respectfully request that this Court order Defendants to provide a detailed privilege log for any document withheld based on privilege. *See, e.g.*, *Pub. Serv. Co. of N.H. v. Portland Nat. Gas*, 218 F.R.D. 361, 363–64 (D.N.H. 2003) (citing Fed. R. Civ. P. 26(b)(5)).

WHEREFORE, for the reasons stated above, the Plaintiffs request that the Court:

(a)     Compel Defendants' production of all responsive non-privileged documents by August 22, 2025;

(b)     Provide a privilege log describing any documents withheld and the privilege asserted by August 22, 2025; and

(c)     Other and further relief as this Court deems just and proper in the circumstances.

**CERTIFICATION**

Pursuant to L.R 7.1(c), the undersigned certifies that a good faith attempt has been made to obtain concurrence in the relief sought. Defendants object.

        Respectfully submitted,
        COALITION FOR OPEN DEMOCRACY,
        LEAGUE OF WOMEN VOTERS OF NEW
        HAMPSHIRE, THE FORWARD FOUNDATION,
        MCKENZIE NYKAMP TAYLOR, DECEMBER
        RUST, MILES BORNE, BY HIS NEXT FRIEND
        STEVEN BORNE, ALEXANDER MUIRHEAD,
        BY HIS NEXT FRIEND RUSSELL MUIRHEAD,
        AND LILA MUIRHEAD, BY HER NEXT
        FRIEND RUSSELL MUIRHEAD

        By and through their attorneys,

        */s/ Henry R. Klementowicz*
        Henry R. Klementowicz (N.H. Bar No. 21177)
        Gilles R. Bissonnette (N.H. Bar No. 265393)
        AMERICAN CIVIL LIBERTIES UNION OF NEW
        HAMPSHIRE FOUNDATION
        18 Low Avenue
        Concord, NH  03301
        (603) 333-2201
        henry@aclu-nh.org
        gilles@aclu-nh.org

        Jacob van Leer*
        AMERICAN CIVIL LIBERTIES UNION FOUNDATION
        915 15th Street NW
        Washington, D.C. 20005
        (202) 715-0815
        jvanleer@aclu.org

Ming Cheung*
Clayton Pierce*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2500
mcheung@aclu.org
cpierce@aclu.org
slakin@aclu.org

Geoffrey M. Atkins*
John T. Montgomery*
Desiree M. Pelletier*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
(617) 951-7000
Geoffrey.Atkins@ropesgray.com
John.Montgomery@ropesgray.com
Desiree.Pelletier@ropesgray.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

July 25, 2025

## CERTIFICATE OF SERVICE

I certify that on today's date I served a copy of the foregoing on all counsel through the court's ECF system.

*/s/ Henry Klementowicz*

Henry Klementowicz