## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| COALITION FOR OPEN DEMOCRACY, *et al.*, <br><br>     *Plaintiffs*, <br><br>     v. <br><br> DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*, <br><br>     *Defendants*. | Case No. 1:24-cv-00312-SE-TSM |

### JOINT STIPULATED CLAW BACK AGREEMENT AND ORDER

    This Claw Back Agreement is agreed to by the parties to the above-captioned action, through their respective counsel.  It governs aspects of the Defendants' production of certain documents that are responsive to Plaintiffs' First (Jan. 27, 2025) and Third (May 2, 2025) Requests for Production of Documents (collectively, "Plaintiffs' Requests").  Nothing in this Claw Back Agreement should be interpreted to waive any party's rights to request or resist discovery under the standards set forth in the Federal Rules of Civil Procedure or as required by the principles of equity.

    By entering this Claw Back Agreement, the parties acknowledge that their understanding is based on facts and circumstances as they are currently known to each party, and on representations made by the Defendants with respect to their efforts to comply with Plaintiffs' Requests.  In agreeing to this Claw Back Agreement, Plaintiffs do not concede that Defendants have responded fully to Plaintiffs' Requests, or otherwise fulfilled their discovery obligations, nor do Plaintiffs waive any argument to the contrary or any other rights Plaintiffs may have to seek relief.  Similarly, Defendants do not waive their objections to Plaintiffs' Requests, including that the Plaintiffs' Requests are disproportionate to the needs of the case.

**DEFINITIONS**

1. "ESI Search Terms" means "qualified voter affidavit"; "qva"; "challenged voter affidavit"; "cva"; "(non-citizen OR noncitizen) AND vot*"; "1569"; "1370"; "reasonable AND document*"; "(well-grounded OR "well grounded") AND (1569 OR citizen*)"; "statewide voter registration"; "svrs"; "appl* AND (reject* OR deny OR denied OR incompl*)"; "ballot* AND (reject* OR deny OR denied OR incompl*)"; "identity AND document*"; "proof AND citizen*"; created, authored, or exchanged on or after January 1, 2016.

2. "Eyes-On Review" means records reviewed by human beings for responsiveness, privilege, and confidentiality coding.

3. "Justice Department Productions" means the First Document Production (DOJ-000001-2836), Fifth Document Production (DOJ-002837-3660), and Sixth Document Production (DOJ-003661-3733), on April 14, July 13, and July 17, 2025, respectively.

4. "Potentially Responsive ESI" means the electronically stored information for custodians NHVotes (PST), Elections (PST), Scanlan (PST), Hennessey (PST), Piecuch (PST), Fitch (PST), and New Hampshire Department of State ("State Department") elections-related shared drives.

5. "Privileged Material" means any document, communication, or information that is exempt from disclosure by the confidential attorney-client communication privilege, the attorney work product doctrine, the law enforcement or investigatory privilege, the deliberative process privilege, or any another applicable privilege, doctrine, immunity, or statutory protection, whether created before or during this litigation.

**BACKGROUND**

6. <u>Electronic Documents Identified by Defendants</u>.  Defendants have disclosed that they have collected 1,253,292 Potentially Responsive ESI.  Of this amount, 232,111 documents contain the ESI Search Terms.  These 232,111 documents from among the Potentially Responsive ESI that contain the ESI Search terms will be referred to, for purposes of this Claw Back Agreement, the "Search Term Production Set."

7. <u>Defendants' Use of Search Terms</u>.  Defendants will not conduct Eyes-On Review of the Search Term Production Set prior to providing the documents to Plaintiffs.

8. <u>Communications Relating to Development of the Election Management System</u>. Defendants will not include Potentially Responsive ESI that are electronic communications to or from the domains of two SVRS vendors (@wsddigital and @tgstechnology) in the Search Term Production Set.  Defendants will conduct an Eyes-On Review of these communications where one or more of the terms "qualified voter affidavit," "qva," "challenged voter affidavit," or "cva," occur, to determine whether they are responsive to Plaintiffs' Requests.

9. <u>Confidentiality Designations</u>.  Because Defendants will not conduct an Eyes-On Review of the Search Term Production Set, the parties agree that Defendants will automatically code all documents in the Search Term Production Set as not confidential prior to their production.

10. <u>Redesignation of Confidential Material – First Tranche</u>.  Because the First Tranche (as defined below in paragraph 12) will not include an Eyes-On Review for confidentiality, the First Tranche may include materials that Defendants later elect to designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as governed by the Protective Order entered in this lawsuit (ECF Nos. 87 & 87-1).  The parties agree and stipulate that, prior to filing materials from the First Tranche on the public docket, Plaintiffs will provide the

Defendants the materials 48 hours in advance to allow the Defendants an opportunity to evaluate whether the parties should meet and confer regarding confidentiality designations. Defendants will produce the First Tranche with the Bates suffix "FT" to identify documents subject to this provision.

11. <u>Prior Eyes-On Review</u>. Defendants have already conducted an Eyes-On Review and have coded certain documents as "nonresponsive." Defendants will not produce these documents unless they are subsequently determined by Defendants to be responsive to Plaintiffs' Requests.

12. <u>Document Production – First Tranche</u>: Defendants will produce all documents within the Search Term Production Set within seven days of the Court's entering this Claw Back Agreement (<u>Fed. R. Civ. P. 6</u>) (the "First Tranche"), *except* Potentially Responsive ESI within the Search Term Product Set that:

    a. has been excluded according to the terms in ¶ 8 above; or

    b. contains Justice Department domains, State Department attorneys, and search terms identifying likely Privileged Material, which will be segregated from the First Tranche for Eyes-On Review (the "Potentially Privileged Documents") (see ¶ 14 below).

13. <u>Eyes-On Review of Potentially Privileged Documents</u>. The parties agree and stipulate that Defendants will conduct an Eyes-On Review of the Potentially Privileged Documents for responsiveness, privilege, and confidentiality.

14. <u>Document Production – Second Tranche</u>: The parties agree and stipulate that Defendants will produce all Potentially Privileged Documents determined by Defendants not to be privileged within 14 days of Defendants' production of the First Tranche (this second

4

production is the "Second Tranche").  At the same time, Defendants will produce all Justice Department documents responsive to Plaintiffs' Requests, including:

    a. investigations files;

    b. Myles Matteson e-mails while Election Law Unit Chief;

    c. Nicholas Chong Yen e-mails while Election Law Unit Chief; and

    d. any supplements to prior Justice Department Productions including current Election Law Unit Chief Brendan O'Donnell's e-mails and documents regarding recent voter fraud prosecutions.

15. <u>Supplemental Production of Marked Checklists</u>.  Defendants are currently supplementing the Fourth Document Production (marked checklists).  The parties agree and stipulate that such supplements lie outside the terms of this Claw Back Agreement.

16. <u>Privilege Log</u>.  The parties agree and stipulate that Defendants will serve a categorical privilege log within 10 days of Defendants' production of the Second Tranche.

17. <u>Plaintiffs' Pending Motion to Compel</u>.  Plaintiffs agree to withdraw their pending Motion to Compel (<u>ECF No. 92</u>) upon entry of this Claw Back Agreement, but reserve the right to refile this Motion or file a different motion to compel on any good faith basis.

## CLAW BACK AGREEMENT

18. The parties agree and stipulate to the following claw back terms and process.

19. <u>Defendants' Notice</u>.  If Defendants believe that they have inadvertently disclosed Privileged Material, Defendants shall notify Plaintiffs in writing of the inadvertent disclosure and provide a clear explanation of the good faith basis and grounds for requesting a claw back.

20. <u>Plaintiffs' Duties Upon Claw Back Notification</u>.  No later than seven days following the receipt of the notice in ¶ 19 or, based on the volume of Privileged Material for which Defendants seek claw back within a mutually agreed reasonable time thereafter, Plaintiffs

shall either: (a) inform Defendants of the basis for their dispute of the claw back request and Plaintiffs' refusal to return or destroy the purportedly Privileged Material; or (b) return the document and all copies to Defendants or certify in writing that all copies of the Privileged Material have been destroyed or sequestered.

21. <u>Claw Back Disputes</u>.  If Plaintiffs deny Defendants' request for a claw back, the parties shall meet and confer in good faith to resolve the dispute.  If the parties are still unable to resolve the dispute, Defendants may bring a motion to the Court to resolve the dispute, asserting all applicable objections to production.  Any copy of the information at issue submitted to the Court in connection therewith shall be filed under seal, redacted, or submitted for in camera review in accordance with the terms of this Joint Stipulation and the Protective Order entered in this case.  Nothing in this Joint Stipulation or the Protective Order alters or waives a party's obligations under Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, and nothing in this Joint Stipulation alters or waives the standards and burden applicable to any motion concerning any claw back of Privileged Material.

22. <u>Clawing Back Privileged Material</u>.  Upon the parties' agreement or Court-ordered claw back of any document containing Privileged Material, (a) Plaintiffs shall return the document and all copies to Defendants or certify in writing that all copies of the Privileged Material have been destroyed or sequestered; and (b) within seven days, Defendants shall reproduce to Plaintiffs a version of the clawed back document which redacts only the Privileged Material.

23. <u>Plaintiffs' Notice</u>.  If Plaintiffs, in their review of documents contained within Tranche 1 or Tranche 2, discover that any document produced by Defendants is on its face subject to a legally recognizable privilege or evidentiary protection, Plaintiffs shall: (a) refrain

from reading the document any more closely than is necessary to ascertain that it is Privileged Material; (b) notify Defendants in writing that it has discovered documents believed to be privileged or protected; and (c) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within seven days of discovery.  Where such documents cannot be destroyed or separated Plaintiffs shall not review, disclose, or otherwise use the Privileged Material.  Notwithstanding, Plaintiffs are under no obligation to search or review Defendants' document productions to identify potential Privileged Material.  Furthermore, should Plaintiffs determine in good faith that the volume of Privileged Material within Tranche 1 and Tranche 2 is so large as to make the notification provisions of this Paragraph 23 unreasonably burdensome on Plaintiffs, Plaintiffs and Defendants will meet and confer to resolve the issue by appropriate means.

24.     <u>Defendants' Duties Upon Plaintiffs' Notification</u>.  Within seven days of receiving Plaintiffs' notice of having received Privileged Material, Defendants shall reproduce to Plaintiffs a version of the clawed back document which redacts only the Privileged Material.

25.     <u>No Waiver</u>.  Plaintiffs' return, sequestering, or destruction of Privileged Material as provided herein will not act as a waiver of Plaintiffs' right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection.  However, Plaintiffs are prohibited and estopped from arguing that the production of the documents in the Search Term Production Set acts as a waiver of an applicable privilege, that the disclosure of the documents was not inadvertent, that Defendants did not take reasonable steps to prevent the disclosure of the Privileged Material, or that Defendants failed to take reasonable steps to rectify their error as set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  Defendants are not required to

demonstrate their measures taken to prevent inadvertent production in order to be entitled to the return, destruction, or sequestration of Privileged Material.

26. <u>Compliance With Rules.</u>  By entering into this Claw Back Agreement, Plaintiffs and Defendants fully reserve their claims and defenses with respect to any disputes that may arise concerning their respective compliance with the applicable rules governing discovery in this matter.

Date:  August 4, 2025

| DEFENDANTS DAVID M. SCANLAN , in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General | COALITION FOR OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE, THE FORWARD FOUNDATION, MCKENZIE NYKAMP TAYLOR, DECEMBER RUST, STEVEN BORNE (as father and next friend of MILES BORNE), and RUSSELL MUIRHEAD (as father and next friend of ALEXANDER MUIRHEAD and LILA MUIRHEAD) |
|---|---|
| /s/ Michael P. DeGrandis<br>Michael P. DeGrandis, N.H. Bar  No. 277332<br>Assistant Attorney General<br>Matthew T. Broadhead, N.H. Bar No. 19808<br>Associate Attorney General<br>Catherine A. Denny, N.H. Bar No. 275344<br>Assistant Attorney General<br>NEW HAMPSHIRE DEPARTMENT OF JUSTICE<br>Office of the Attorney General, Civil Bureau<br>1 Granite Place South<br>Concord, NH 03301<br>(603) 271-3650<br>michael.p.degrandis@doj.nh.gov<br>matthew.t.broadhead@doj.nh.gov<br>catherine.a.denny@doj.nh.gov | /s/ Henry Klementowicz<br>Henry Klementowicz, N.H. Bar No. 21177<br>Gilles Bissonnette, NH Bar No. 265393<br>AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION<br>18 Low Avenue<br>Concord, NH 03301<br>(603) 224-5591<br>henry@aclu-nh.org<br>gilles@aclu-nh.org<br><br>Jacob Van Leer*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street NW<br>Washington, D.C. 20005<br>(202) 715-0815<br>jvanleer@aclu.org<br><br>Ming Cheung*<br>Sophia Lin Lakin*<br>Clayton Pierce*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street |

New York, NY 10004
(212) 549-2500
mcheung@aclu.org
slakin@aclu.org

Geoffrey M. Atkins*
John T. Montgomery*
Desiree M. Pelletier*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
(617) 951-7000
Geoffrey.Atkins@ropesgray.com
John.Montgomery@ropesgray.com
Desiree.Pelletier@ropesgray.com

\* Admitted *pro hac vice*

Date: August 4, 2025

So Ordered,

/s/ SD Elliott
Samantha D. Elliott
United States District Judge